IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDRIC FISHER, | § | |
| #42095, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3695-C-BN |
| | § | |
| HUNT COUNTY SHERIFF'S OFFICE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cedric Fisher, an inmate at the Hunt County jail, sent correspondence to the Court that was liberally construed as a *pro se* civil rights complaint. *See* Dkt. No. 3. Senior United States District Judge Sam R. Cummings referred Fisher's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. Fisher filed, in response to the Court's notice of deficiency, an amended complaint. *See* Dkt. No. 5. Fisher then further amended his claims through verified responses to the undersigned's interrogatories. *See* Dkt. Nos. 9 & 11. The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this construed civil rights action without prejudice to the extent explained below.

In his amended complaint, Fisher makes allegations concerning events that led to a criminal conviction. Although his allegations are not clear, they appear to support claims challenging the constitutional sufficiency of his conviction. *See, e.g.*, Dkt. No. 5 at 4 ("Judge Aikens denied me due process, her words were she was too

busy for examining trial…. I was forced to plea 1 year state jail."). The Court then asked Fisher to provide certain additional information "[a]s to criminal proceedings and any other criminal case(s) related to your claims in this lawsuit," including the date of conviction, the length of sentence, and the date he was released. Dkt. No. 9 at 3. Fisher responded that he was convicted on January 14, 2019, sentenced to one year in state jail, and released to parole on February 28, 2019. *See* Dkt. No. 11 at 5. He further verified that no conviction described in his complaint as amended has been challenged by a state writ of habeas corpus. *See id.* at 6. And he confirmed that no applicable conviction has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See id.* at 7.

Under the Prison Litigation Reform Act, where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

Based on his amended allegations, Fisher has confirmed that his current civil claims are frivolous. Civil claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that a plaintiff fails to show has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498

n.14 (5th Cir. 2008)); *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)).

In fact, because Fisher fails to show that a criminal "conviction has yet to be formally terminated in his favor, his [related civil] causes of action … have not yet accrued and will not begin to accrue until" the conviction underlying his claims is vacated, reversed, expunged, declared invalid, or called into question by issuance of a writ of habeas corpus or otherwise. *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 538-39 (5th Cir. 2020) (per curiam) (citing *Heck*, 512 U.S. at 489-90; footnote omitted); *see, e.g.*, *Mount v. Wakefield*, 738 F. App'x 280, 280-81 (5th Cir. 2018) (per curiam) (affirming dismissal of claims based on alleged violation of the Sixth Amendment right to effective assistance of counsel as barred by *Heck*).

To be clear, a *Heck* "dismissal 'do[es] not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal without prejudice." *Cook*, 974 F.3d at 539 (quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc)). So, if Fisher meets the preconditions of *Heck* – that is, he obtains a termination of the underlying criminal conviction in his favor – he may reassert the related civil claims.

## Recommendation

The Court should dismiss this action without prejudice to Plaintiff Cedric

Fisher's ability to refile his claims once he can show that the preconditions of *Heck v. Humphrey*, 512 U.S. 477 (1994), have been met.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 3, 2021

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE